Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5355 | **DATE** | 8/15/2011 |
| **CASE TITLE** | Renfro vs. Ford Motor Co. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application to proceed *in forma pauperis* [4] is respectfully denied. Pursuant to Local Rule 3.3(e), the Court requests that the Clerk notify Plaintiff that he must pay the filing fee of $350.00 within 15 days of the date of the Clerk's notice if Plaintiff wishes to proceed with this lawsuit. If the Clerk notifies the Court that the filing fee has not been paid by the deadline (or any extension of the time that the Court may allow), this matter will be subject to dismissal without prejudice. Please see below for further explanation

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

Along with a complaint [1] claiming injuries to his lower back as a result of an automobile accident and seeking relief on the basis of product liability against Defendant Ford Motor Company, Plaintiff Bennett B. Renfro has filed an application for leave to proceed *in forma pauperis* [4], along with a financial affidavit. In his affidavit, Mr. Renfro states that he currently is unemployed. He further avers that his spouse earns $3,200 per month from her job – which translates to more than $38,000 per year – and that he has received more than $22,000 from State Farm Insurance Company within the past twelve months. According to the affidavit, Mr. Renfro and his wife have modest savings, no equity in their home, and a modest amount of equity in a vehicle.

The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," so long as the action is neither frivolous nor malicious. 28 U.S.C. § 1915(a)(1), (e)(2)(B)(ii). The Court relies on the financial affidavit to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

In order to measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/11poverty.shtml). The HHS poverty guidelines for 2011 for the 48 contiguous states and the District of Columbia set the poverty level for a family of two at an annual income level of $14,710. Although the HHS guideline does not establish a hard and fast rule and at times there are other circumstances bearing on a party's financial circumstances that will justify granting IFP status even where the party's income exceeds the HHS-defined poverty level, the financial affidavit indicates that the Renfros have taken in

| STATEMENT |
|---|
| approximately $5,000 per month over the past year, which places their income so far above the poverty level that it disqualifies Mr. Renfro for IFP status.<br><br>In sum, the Court is constrained to deny Plaintiff's application to proceed *in forma pauperis* [4]. Pursuant to Local Rule 3.3(e), the Court requests that the Clerk notify Plaintiff that he must pay the filing fee of $350.00 within 15 days of the date of the Clerk's notice if Plaintiff wishes to proceed with this lawsuit. If Plaintiff requires a brief extension of that deadline, he may file an appropriate motion with the Court requesting additional time to comply. If the Clerk notifies the Court that the filing fee has not been paid by the deadline (or any extension of the time that the Court may allow), this matter will be subject to dismissal without prejudice. |